THOMAS, Justice.
The deputy commissioner ruled that the respondent, Argus Wm. Papet, was entitled to compensation and his order was affirmed by the Full Commission, whereupon the employer and the insurance carrier sought certiorari here.
The basic facts were established without dispute. Fay Cohenour and his wife own a tract of land approximately 200 feet long and 180 feet wide. At one end of the lot they operate a sandwich shop where more than three persons are employed. On. the opposite end, separated from the sandwich shop by a hedge, are two duplex dwelling houses owned by them where they as well as the claimant and his wife live. The Cohenours agreed to let the claimant make repairs to the dwellings and to apply his earnings to past due rent. While so engaged the claimant was injured.
The Commission adopted the view that the sandwich shop and the rental property were one business, and that although the claimant was a lone workman on the dwellings, he could 1 be counted with the employees of the shop and therefore brought within the terms of the Workmen’s Compensation Law. In the recitals of the Commission’s order, we find the reasons for the conclusion which we now discuss, bearing in mind that the common denominator is the sameness of the enterprise for “employment” coming within the scope of the Act is one “in which three or more employees are employed in the same business or establishment * * Sec. 440.02(1), Florida Statutes 1951, and F.S.A.
As a circumstance leading to the conclusion the Commission pointed out that the property was all acquired at one time, but obviously one could buy a tract of land and start many businesses on it that were dissociated and dissimilar, in some of which could be employed fewer than three persons, in others three or more.
It was stressed that the “duplex unit”, supposedly the one occupied by the Co-henours, “was partially used as an office for the sandwich shop and occasionally as a storage room for excess cigarettes and vegetables.” (Italics supplied.) But from the very nature of the property it was neither designed as an office nor a warehouse. It was a residence and the ‘partial’ use for one purpose and ‘occasional’ use for the other were purely incidental to its use as living quarters for the man who operated a business elsewhere.
As another reason for their view the Commission remarked that the mail addressed to the shop would be delivered to the dwelling. It is difficult to see how this action of a letter-carrier would contribute any real information on the question of the relationship between shop and home.
*917 Next it was thought that light was cast on the situation by the employer’s including claimant’s name with the names of the shop employees in his withholding and social security reports. We see little significance in the appearance of Papet’s name on Cohenour’s reports to the government of persons in his employ. Such would indicate a relationship between the dwellings and the shop, but in the absence of other proof to that effect it is of little weight.
And, last, it was noted that “in any event” the insurance contract between the petitioners was intended to cover the operations of Cohenour, the individual, as distinguished from the operation of his shop. We cannot construe the policy that way. The contract covered “Fay R. Co-henour d/b/a Cache-Maid Rite Sandwich Shop” which language is quite clear. It was stipulated that Florida Compensation Endorsement Form 3619 should apply. This, in turn, provided that operations of the employer “included in the definition of the term ‘Employment’ * * * and other operations with respect to which [the] employer waives exemptions” from the effect of the Act, were also covered.
First, then, Cohenour was insured to the extent of the operation of the shop; second, he was covered if he entered into another business and employed a sufficient number of persons to bring the operation under the Act; and third, his insurance protection extended to an operation not regulated by the Act if he waived exemption, Sec. 440.04(2), Florida Statutes 1951, and F.S.A. There is no evidence of any waiver of exemption so we must disagree with the Commission’s construction of the insurance contract.
It is our conviction that the sandwich shop and the operation of the dwellings were not one business or establishment, so the claimant could not be included with the employees of the shop to bring him within the protection of the Act. As a lone workman he was not afforded the benefit of the Act because there was no waiver of exemption by the employer.
As a result of these views, we are impelled to grant the petition for certiorari and quash the order of the Full Commission.
TERRELL, SEBRING, and MATHEWS, JJ., concur.
ROBERTS, C. J., and HOBSON and DREW, JJ., dissent.